# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:CR-02-114 |
| v. | : | |
| | : | (Judge Kane) |
| ERIC CHAMBERS, | : | |
|     Petitioner | : | |
| | : | |

## ORDER

On June 9, 2003, Petitioner was sentenced to a term of imprisonment of 96 months after pleading guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On February 22, 2005, Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate his sentence, arguing that: (1) the recent United States Supreme Court decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), apply retroactively to his petition and afford him certain relief because, he argues, application of the United States Sentencing Guidelines was unconstitutional; and (2) his counsel was ineffective in failing to advise him about certain matters relevant to his plea bargain. Petitioner's motion is fully briefed and is ripe for disposition. The Court will address each of Plaintiff's arguments in turn.

**I.    <u>Booker</u> is Not Retroactively Applicable**

Subsequent to the filing of the petition before the Court, the United States Court of Appeals for the Third Circuit expressly held that the rule of law announced in <u>Booker</u> regarding the constitutionality of the United States Sentencing Guidelines does not apply retroactively:

> Because <u>Booker</u> announced a rule that is "new" and "procedural,"
> but not "watershed," <u>Booker</u> does not apply retroactively to initial
> motions under § 2255 where the judgment was final as of January

12, 2005, the date Booker issued.

Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005). Judgment against Petitioner was entered on June 9, 2003 and became final in April 2004, following Petitioner's unsuccessful appeal of this Court's order denying his motion to suppress. Accordingly, because Plaintiff's judgment became final prior to January 12, 2005, Booker is not retroactively applicable to Petitioner's § 2255 petition, and affords Plaintiff no relief. Id.

## II.    Ineffective Assistance of Counsel

In the course of negotiations that resulted in a plea agreement with Petitioner, the government allegedly threatened to seek a superceding indictment charging Petitioner with being an armed career criminal in violation of 18 U.S.C. § 924(e)(1), which could have subjected Petitioner to enhanced criminal penalties. Plaintiff claims that his trial counsel erred by failing to advise him that he was not subject to prosecution under this statute because one of Petitioner's predicate offenses for purposes of this enhancement allegedly did not constitute a violent felony for purposes of 18 U.S.C. § 924(e)(1). Petitioner contends that had he known he could not be prosecuted under § 924(e)(1), he would not have agreed to the plea bargain offered by the government. In support of this argument, Petitioner, argues that his 1987 burglary conviction for breaking into a car dealership during evening hours does not constitute a "burglary" under § 924(e)(2)(B)(ii).[1]

Title 18 U.S.C. § 924(e)(1), commonly referred to as the Armed Career Criminal Act

---

[1] Petitioner concedes that his 1997 convictions for escape and for possession with intent to deliver controlled substances qualify as previous convictions for purposes of § 924(e)(2)(B)(ii).

("ACCA"), provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant, a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) provides the following definitions applicable to the ACCA:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that –
>
> . . .
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B)(ii.)

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court specifically considered what types of burglaries could be considered violent felonies for purposes of 18 U.S.C. § 924(e)(1) and held as follows:

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or

3

>    remaining in, a building or structure, with intent to commit a crime.

Id. at 599.  In so holding, the Court effectively found that only "generic burglary" would count as a violent crime burglary for purposes of enhancement under the ACCA.  Id.; Shepard v. United States, 125 S. Ct. 1254, 1257 (2005).

Petitioner acknowledges that in 1987 he committed a burglary consisting of entering into a car dealership's garage several hours after close of business with intent to commit a crime therein, and that he was convicted of this crime.  Notwithstanding this admission, Petitioner argues that his "burglary conviction fails to fall under ACCA provision and should not/can not be counted for enhancement because; [sic] it did not involve any conduct that presented the established criteria and qualifications of a THREAT of physical force, nor did it present any serious (or otherwise) POTENTIAL of risk of physical injury to another."  (Doc. No. 62, at 9.)  Plaintiff appears to be arguing that because he broke into the car dealership's garage after working hours, and allegedly was unarmed, these facts somehow eliminated the risk of violence during the commission of the crime.  Accordingly, Petitioner claims his trial counsel was ineffective because he failed to advise him that the 1987 burglary conviction could not be considered a violent felony for purposes of 18 U.S.C. § 924(e)(1).

The Court finds no merit in this argument.  Petitioner's 1987 burglary conviction is precisely the kind of "generic burglary" the Supreme Court found in Taylor to fall within the meaning of "burglary" as used in 18 U.S.C. § 924(e)(2)(B)(ii).  The fact that Petitioner broke into the car dealership after business hours and was allegedly unarmed is irrelevant to whether the crime should be considered violent or dangerous for enhancement purposes.  Indeed, the Supreme Court has expressly rejected

Petitioner's argument:

> Congress presumably realized that the word "burglary" is commonly understood to include not only aggravated burglaries, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force. This choice of language indicates that Congress thought ordinary burglaries, as well as burglaries involving some element making them especially dangerous, presented a sufficiently "serious potential risk" to count toward enhancement.

Taylor, 495 U.S. at 597. Nothing in Taylor requires that the Court reconsider the facts and circumstances of Petitioner's 1987 burglary conviction according to Petitioner's characterization of that crime as nonviolent, nor is the Court obligated to examine Petitioner's alleged state of mind at the time this crime was committed. In short, Petitioner was convicted of generic burglary for breaking into a car dealership's garage with the intent to commit a crime therein and such conviction could potentially have been used to enhance Petitioner's sentence under the ACCA. Accordingly, Petitioner's counsel was under no obligation to advise his client that the 1987 burglary conviction was inapplicable for enhancement purposes under the ACCA when in fact the opposite was true. Therefore, the Court finds no merit to Petitioner's claim that his counsel was ineffective, nor that Petitioner was in any way prejudiced by agreeing to plead guilty to a lesser offense in order to avoid being potentially subjected to enhanced criminal penalties under the ACCA.

**WHEREFORE,** this 27th day of June 2005, **IT IS HEREBY ORDERED THAT** Petitioner's Motion to Vacate (Doc. No. 50) is **DENIED. IT IS FURTHER ORDERED THAT**, for the reasons stated in this opinion, the Court declines to issue a certificate of appealability. **IT IS FURTHER ORDERED THAT** Petitioner's motion for an appointment of counsel (Doc. No. 51) is **DENIED** as moot. The Clerk of Court is directed to close the file.

5

s/ Yvette Kane

Yvette Kane
United States District Court